# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1620V
(not to be published)

| | |
|---|---|
| WAYNE VENABLE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 19, 2020<br><br>Special Processing Unit (SPU); Pneumococcal 23-polyvalent Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Vaccine Not Covered Under the Program; Vaccine Act Entitlement; |

### DECISION[1]

On October 17, 2019, Wayne Venable filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1). Petitioner alleges that he suffered a left shoulder injury which was caused by a Pneumococcal 23-polyvalent vaccination he received on October 19, 2018. *Id.* at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 22, 2019, I issued an Order to Show Cause informing Petitioner that the Pneumococcal 23-polyvalent vaccine is not covered under the Vaccine Program. (ECF No. 6). I also provided him an opportunity to offer evidence as to why his Petition should not be dismissed.

---

[1] Although I am not formally designating this Decision for publication, the fact that it contains reasoned analysis requires me to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

As I explained in my Order to Show Cause, in order to receive compensation under the Vaccine Act, a petitioner must show that he received a vaccine set forth in the Vaccine Injury Table (the "Table"). *See* Section 11(c)(1)(A); 42 C.F.R. § 100.3 (2017). "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y or Health & Human Servs*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). But only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id.; see also Morrison v. Sec'y of Health & Human Servs,* No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table). Mr. Venable unquestionably received a pneumococcal polysaccharide vaccine. Ex. 2, (ECF No. 1-5).

On November 25, 2019, Petitioner filed an Amendment to Petition for Vaccine Compensation ("Amended Petition."). (ECF No. 7). Petitioner's Amended Petition acknowledges he received a Pneumococcal 23-polyvalent vaccination. *Id.* However, Petitioner disputes that the Pneumococcal 23-polyvalent vaccination is not routinely administered to children and indicates that "coverage under the Vaccine Act should be allowed." *Id.* Respondent filed a brief reacting to Petitioner's Amended Petition on January 3, 2020. (ECF No. 9). Respondent argues that the Petition must be dismissed for failure to state a claim upon which relief can be granted. (ECF at 1-2).

Respondent is correct. The Pneumococcal 23-polyvalent vaccine does not appear in the Table and is therefore not covered by the Program.[3] Whether or not in fact one demographic group or another receives a particular vaccine does not control my determination – the Vaccine Table does. While Petitioner may have a point that this particular vaccine *should* be a covered vaccine, I am only empowered to grant relief regarding those vaccines that are *presently* covered.

Petitioner has failed to demonstrate that he received a vaccine covered under the Vaccine Program. **This case is therefore dismissed for failure to failure to state a claim upon which relief can be granted.**

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] *See* National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166 (May 22, 2001) ("[t]hrough this notice, pneumococcal conjugate vaccines are now included as covered vaccines under Category XIII of the Table. Because the CDC only recommended pneumococcal conjugate vaccines to the Secretary for routine administration to children, polysaccharide-type pneumococcal vaccines are not covered under the VICP or included on the Table.").